# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FIDENCIO GALVAN,<br><br>   Plaintiff,<br><br>   v.<br><br>MIMMS, et al.,<br><br>   Defendants. | Case No. 1:15-cv-01917-AWI-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Jose Fidencio Galvan ("Plaintiff") is an inmate at the Fresno County Jail proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 28, 2015. He names Fresno County Sheriff Margaret Mimms, Fresno County Jail Drs. Rounds and Newhill, Fresno County Deputies Molero and Cabrera, and Corizon Health as Defendants.

**A.**    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

1

the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the Fresno County Jail, where the events at issue occurred.

On November 8, 2015, Plaintiff fell down the stairs because there was no "wet floor" sign or grip tape on the stairs. Defendants Molero and Cabrera witnessed the fall, and they failed to warn Plaintiff of the wet stairway. He states that Defendants Molero and Cabrera were watching him

///

1  walk down the stairs, and were fully aware and in charge of the situation.  Plaintiff contends that this
2  is neglect, and that "it is cruel and unusual for such neglect."  ECF No. 1, at 5.

3        Plaintiff was taken to medical in a wheelchair and Defendant Newhill "patted [his] back and
4  declared [he] was fine."  ECF No. 1, at 3.  Twenty minutes later, Plaintiff was back in his unit.  At
5  no point did any healthcare staff talk about an x-ray, or even suggest that an x-ray was appropriate
6  after a fall down the stairs that injured Plaintiff's back.  Plaintiff contends that they should have
7  known that the fall was serious because it was witnessed by Defendants Molero and Cabrera.

8        Plaintiff contends that "anything less than protocol is not proper and is in fact inhumane."
9  ECF No. 1, at 4.

10       Plaintiff alleges that Defendants Newhill and Rounds failed to perform their duties as doctors
11 and only made matters worse by allowing Plaintiff to remain in pain.

12       Plaintiff believes that Defendant Mimms is the employer of the deputies and should also be
13 held responsible.

14       Plaintiff also alleges that had the handrail been at 42" as OSHA requires, the fall could have
15 been prevented.  He states that after he fell, he tried grieving the handrail height and lack of a wet
16 floor sign, to no avail.  Plaintiff believes that if the handrail was at the right height, he would have
17 been able to hold himself up property as he was walking down the stairs.

18       Based on these facts, Plaintiff alleges claims under the Eighth Amendment.

19 **C.**	**DISCUSSION**

20     1.	Defendant Mimms

21       Plaintiff names Defendant Mimms as Defendants' employer, and suggests that she should be
22 held responsible on that basis.

23       As explained above, to state a claim under Section 1983, Plaintiff must demonstrate that each
24 defendant personally participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949.  Liability
25 may not be imposed on supervisory personnel for the actions or omissions of their subordinates
26 under the theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-
27 21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.  Supervisors may be held liable only if they
28 "participated in or directed the violations, or knew of the violations and failed to act to prevent

them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir.2011).

Plaintiff names Defendant Mimms as a Defendant, but the complaint is devoid of any factual allegations regarding any acts or omissions by Defendant Mimms that violated Plaintiff's federal rights. Plaintiff may not state a claim against Defendant Mimms solely based upon her position as Fresno County Sheriff and/or as the "employer" of the other Defendants. In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff therefore fails to state a claim against Defendant Mimms.

Additionally, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir.2010). Plaintiff fails to identify any policy or custom that contributed to the violation of his rights.

2.  Corizon Health Care

A private entity may be subject to suit under section 1983 where (1) it acted under color of law and (2) the constitutional violation alleged was caused by the private entity's official policy or custom. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138-40 (9th Cir. 2012); M.H. v. Cnty. of Alameda, 62 F.Supp.3d 1049, 1085-86 (N.D.Cal.2014).

Here, Plaintiff alleges that Corizon Health Care contracted with the Fresno County Jail to provide medical services. However, beyond that, he does not link Corizon Health to any violations. Even assuming that Corizon acted under color of state law for purposes of section 1983, there is nothing to indicate that any violation was the direct result of Corizon Health's policies, practices, or customs. Castro v. Cnty. of Los Angeles, 797 F.3d 654 (9th Cir. 2015) (9th Cir. Aug. 11, 2015).

Therefore, Plaintiff fails to state a claim against Corizon Health under section 1983 for violating his constitutional rights.

///

### 3. Medical Care

As an initial matter, it is unclear whether Plaintiff was a pretrial detainee, or convicted inmate, at the time of the fall. However, while pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1242 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Here, Plaintiff alleges that Defendants Newhill and Rounds failed to perform their duties as doctors, and left Plaintiff in pain. As to Defendant Newhill, he contends that he "patted [his] back and declared [he] was fine," and appears to fault him for not discussing an x-ray. However, Plaintiff's allegations do not contain sufficient facts to demonstrate that Defendant Newhill acted with deliberate indifference, i.e., that he "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. He states that Defendants should have

known the seriousness of the fall because the fall was witnessed by Defendants Morelo and Cabrera, but there is no indication that they told Defendant Newhall, or that Defendant Newhall otherwise knew that the fall was as serious as Plaintiff contends.

As to the failure to order an x-ray, Plaintiff's belief as to what his treatment *should have been* does not rise to the level of an Eighth Amendment violation. A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted); accord Snow, 681 F.3d at 987-88. Plaintiff has not made such a showing.

As to Defendant Rounds, Plaintiff does not include any factual allegations describing how he was involved in Plaintiff's treatment.

Plaintiff concludes that "anything less than protocol is not proper and is in fact inhumane." ECF No. 1, at 4. But this is far from the standard required for an Eighth Amendment violation, i.e., that Defendants acted with deliberate indifference. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977). Even assuming Defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim under the Eighth Amendment against Defendants Newhall and Rounds.

4.   Conditions of Confinement

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). In order to state a claim, Plaintiff must allege facts sufficient to show that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Plaintiff contends that Defendants Molero and Cabrera, who were fully aware and in charge of the situation, watched Plaintiff walk down the stairs and failed to warn him of the wet stairway. However, while Plaintiff states that they were "fully aware," there is no indication that they knew that the stairs were wet, and that Plaintiff faced a substantial risk of harm if he fell. Indeed, as noted above, only extreme deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

Plaintiff characterizes their actions as negligence, but to the extent that Plaintiff believes that negligence rises to the level of an Eight Amendment violation, he is incorrect.

Plaintiff therefore fails to state a claim against Defendants Molero or Cabrera.

**D.  CONCLUSION**

Plaintiff fails to state any cognizable claims against any Defendants.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, that he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of

respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and
3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **March 5, 2016**                             /s/ *Dennis L. Beck*
                                                                            UNITED STATES MAGISTRATE JUDGE